(No. 1793—

WILLIAM KENDALL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

*Rehearing denied April 5, 1933.*

LANCASTER & NICHOLS, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

The claimant asks damages under the Workmen's Compensation Act in the amount of $896.00. He was employed as a laborer by the Division of Highways, Department of Public Works and Buildings of the State of Illinois. On March 10, 1931, he was assisting in cleaning off snow from Routes 31 and 102, between Quincy, Illinois and Clayton, Illinois. In going from one snowbank to another, he rode in the truck just back of the driver's seat. In the rear end of the said truck was piled a number of concrete marker posts about seven feet long and about five inches in diameter, each of these posts weighing about two hundred pounds. The posts were being used as ballasts in the operation of the truck and snowplow. While the claimant was so riding, the truck crossed the Wabash Railway tracks and in crossing said tracks, the truck and snowplow hit the rails which were raised about four inches.

It is claimed that the driver of the truck, Ira Cecil, failed to raise the plow in crossing these rails and by reason thereof, snowplow struck the rails, causing the concrete marker posts in the rear end of the truck to slide forward against the claimant. As a result, his right foot, ankle and leg were crushed, his leg being fractured above the ankle and the ligaments and tendons of the leg and ankle were bruised and ruptured.

The claimant says that he was disabled for a period of twelve weeks and was forced to spend $80.00 for doctor's bill in connection with the treatment of said injuries.

He also claims $10.80 per week for sixty-three weeks for partial loss of the use of his right leg. In the report of the District Engineer, it is stated that this item should not be considered on account of the fact that he had been re-employed since June 3, 1931, and that he had been able to perform his duties in such a manner as entitled him to receive the same rate of pay which he received prior to the injury.

Claimant was injured while employed as a day laborer in cleaning snow from a State highway.

The provisions of the Workmen's Compensation Act do not apply to a State employee unless engaged in one of the

extra-hazardous occupations enumerated in Section 3 of the Act. If claimant was so engaged, he would come under Paragraph 1: ''The erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in sub-paragraph 8 of this section.'' In the case of *Claude G. Van Hoorbeke* vs. *State*, 5 C. C. R. 337, this court has held that '' a highway is a structure within the meaning of Section 3 of the Workmen's Compensation Act.'' If in the present case, the work of claimant comes under this Act, it would be in maintaining a structure. Maintain means to preserve or continue in any particular state or condition; to sustain; to keep up; not to suffer to change or decline. Obviously, this means in this instance, to keep the pavement in good repair and condition. The claimant was not aiding in maintaining the highway in this sense. He was assisting in clearing the roadway of snow so as to aid traffic, and not to preserve the physical condition of the pavement. This distinction is clear. For example, if a building was being maintained under this section, it would mean that the building was being kept in repair so that its physical structure would not change or decline. A person sweeping out the building or cleaning snow from the doorsteps certainly would not be considered as employed in maintaining the building within the meaning of Section 3 of the Workmen's Compensation Act. In our opinion, the Legislature did not intend such a broad and far-reaching application of the law.

Therefore, it is recommended by this court that this claim be disallowed.